THE MAYOR AND COUNCIL OF THE CITY OF HOBOKEN AND RALPH MARRONE, PROSECUTORS, v. MICHAEL O'NEILL ET AL., RESPONDENTS.

Submitted July 5, 1906—Decided November 12, 1906.

The act entitled "An act to provide for the summary investigation of county and municipal expenditures," approved February 18th, 1879, as amended by the supplement thereto, approved March 23d, 1898, is constitutional.

On *certiorari.*

Before Justices FORT, GARRETSON and REED.

For the prosecutors, *Bedle, Edwards & Thompson.*

For the defendants, *George T. Vickers.*

The opinion of the court was delivered by

Fort, J. This writ brings up an order of a justice of the Supreme Court directing a summary investigation into the affairs of the city of Hoboken, pursuant to statute.

The act under which the order in this case is made is entitled "An act to provide for the summary investigation of county and municipal expenditures," and was approved February 18th, 1879, and a supplement thereto, amending the first section thereof, which was approved March 23d, 1898. *Gen. Stat.,* p. 2238; *Pamph. L.* 1898, *p.* 155.

This act provides that it shall be the duty of any justice of the Supreme Court, to whom a petition is presented, sworn to and subscribed by twenty-five freeholders in any incorporated village, borough, town or city, or in any township or county in this state, who shall have paid taxes on real estate within one year, and reciting that they have cause to believe that the moneys of such municipality are being or have been unlawfully or corruptly expended, to make a summary investigation into the affairs of such municipality, and, at his discretion, appoint experts to prosecute such investigation, and to cause such investigation to be published as he may deem proper.

By this proceeding it is sought to set aside the order thus made and brought up for review on the ground that it is unconstitutional.

The first ground alleged is because the act attempts to invest a justice of the Supreme Court with powers not judicial, and which are legislative in their character.

We are unable to see any force in this contention. This statute merely empowers a justice of the Supreme Court, upon proper application, pursuant to its terms, to himself make a summary investigation of the municipal expenditures, or to appoint some person to do so. That the power of making appointments of this character may be conferred upon the judicial branch of the government has been settled in this

state, in *Ross* v. *Freeholders of Essex,* 40 *Vroom* 291, where the Court of Errors and Appeals sustained legislation of this character, and declared that the legislature had constitutional authority for conferring upon a justice of the Supreme Court the power to appoint park commissioners. Since that decision it has not been questioned that the legislature might by statute confer upon any court or judge authority to designate or appoint such public officials as were not expressly directed by the constitution to be appointed in some other definite manner.

The second and third grounds are:

(*a*) "That the act is unconstitutional in that it provides for an investigation of a criminal offence by other means than by a presentment or indictment of a grand jury," and

(*b*) "That the act is unconstitutional because it attempts to deprive the accused city officials of the right of trial by an impartial jury, contrary to the constitution."

Both of these contentions, we think, are without substance. The investigation provided for by this statute is not a criminal investigation in any sense, and in no sense takes the place of or answers for the presentment or indictment by a grand jury, and how an order for the investigation of the expenditures of a municipality can accuse a city official of wrong-doing seems difficult to discern. This proceeding is in no sense against anyone. It is the state, through methods established for that purpose, directing an investigation or inquiry into the affairs of its own agent. All municipalities are the mere agencies of the state, and are subject to its control, and even to destruction at its pleasure. *Essex Public Road Board* v. *Skinkle,* 140 *U. S.* 339.

Neither the act nor the proceedings under it accuse anyone of crime or impute in any way crime to anyone. If the investigation shall develop wrong-doing, the grand jury is still the only body which can bring the accused to trial for offences which may be developed upon the investigation.

The fourth ground alleged is that the order made in this case is illegal because it does not inform the accused of the nature and cause of the accusation, and therefore is contrary to the constitution.

It is a sufficient answer to this to say that there is no accusation resulting from an order of this character. No one's conduct is impugned. No wrong-doing is established by the order of the court. True, the petition must recite allegations of improper expenditure, or other illegal or corrupt acts, but there is no adjudication necessary on the part of the justice in making the order approving or sustaining the allegations in the petition.

The fifth ground alleged is that the statute provides for a proceeding by a justice of the Supreme Court which reaches no conclusion, and is therefore not judicial in its nature.

If this be conceded to be accurate, it cannot be said to affect the statute in any way, nor the duty cast upon the justice of the Supreme Court under it. The statute does not purport to require any conclusion to be reached on the part of the justice or of any court, but merely directs that he may cause the result which he may himself find by his summary investigation, or which may be reported to him by the experts appointed to prosecute it, to be published in such manner as he may deem proper.

This statute is evidently a very useful public act. It enables those entitled to know to ascertain the true condition of municipal expenditures. It requires that property owners and taxpayers only shall inaugurate the proceeding, and it places the appointment of experts in the discretion of the justice of the Supreme Court to whom the application is presented. The justice is not required to appoint experts, and may make such investigation on his own account, to see if the public interests require that they be appointed. He can control the character of the investigation and avoid unnecessary expenditure, and at the same time secure the necessary public information to allay criticism, if criticism is unjust, or to warrant other proceedings for the protection of the municipality, if the acts of the public officials are shown to justly demand condemnation.

We are unable to see any unconstitutional feature in the statute, and the order made in this case is sustained.